



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

August 21, 2024

**BY ECF**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *United States v. Ryan Salame*, S7 22 Cr. 673 (LAK)

Dear Judge Kaplan:

    This Court should reject Ryan Salame's shameless and self-serving attempt to renege on his guilty plea in the aftermath of his sentencing, presented in Salame's coram nobis petition filed this evening. (*See* Dkt. 470). Salame resorts to inaccurate, incomplete, and outright false assertions in an effort to evade his serious sentence for his involvement in an illegal campaign finance scheme that was unprecedented in scale, and for his role in funneling billions of dollars through an unlicensed money transmitting business. Salame's petition is factually baseless and legally meritless. The Government requests an opportunity to respond in full to Salame's petition by September 6, 2024, or on a schedule convenient for the Court. In the meantime, the Government writes to briefly respond to some of Salame's false allegations about his plea and an ongoing Government investigation.

    Salame's petition is premised on the allegation that he was induced to plead guilty based on representations by the Government that in exchange for pleading guilty, the Government would cease investigating his then-girlfriend Michelle Bond for conspiring with Salame to commit criminal campaign finance violations. That accusation is demonstrably false. As Salame emphasizes, the Government had a virtual meeting with Salame's attorneys on April 28, 2023. But Salame misrepresents the substance of that meeting. During that meeting, the Government discussed potential charges against Salame and the benefits of pleading guilty in advance of an indictment. Among other things, the Government noted that while it was not making promises outside the four corners of any plea agreement, as is often the practice within the U.S. Attorney's Office of the Southern District of New York, if the parties did reach a resolution the Government expected that this would conclude the aspects of the investigation concerning Salame, but not Bankman-Fried.[1]

---

[1] Salame claims that the Government stated that "'if we conclude' the investigation 'as to [Salame], that would conclude th[e] facet of the investigation' into Bond." Salame Decl. ¶ 6.

Further, Salame entirely omits that the Government had a follow-up virtual meeting with Salame's attorneys on May 25, 2023, to clarify the status of its investigation into Michelle Bond—whom Salame's attorneys also represented—and spelled out, for the avoidance of any doubt, that a Salame guilty plea would not stop any ongoing investigation into Bond's conduct.  As contemporaneous notes reflect, on that call the Government stated in substance and in part that in light of prior plea discussions, the Government "wanted to make very clear that we view discussions of Michelle [Bond]/Ryan [Salame] as separate, a Ryan disposition will not resolve investigation of Michelle's conduct, and to extent anything previously said was understood otherwise, that is superseded by this call."

It was after *this* call that Salame entered a guilty plea.  During that proceeding, Salame confirmed under oath that his plea was knowing and voluntary, and that he was not relying on *any* promises outside the four corners of the plea agreement, as none had been made:

>THE COURT: Has anyone made any promises other than whatever is set forth in the plea agreement that induced you to plead guilty?
>
>THE DEFENDANT: No, your Honor.

(9/7/2023 Ryan Salame Guilty Plea Tr. at 19).

The timing of Ryan's petition alone demonstrates its transparent insincerity.  On April 15, 2024, the Government reached out to Bond's attorneys about the status of its ongoing investigation into Bond and confirmed that the Government was continuing to investigate Bond.  At that point, Bond's attorneys still represented Salame in connection with his upcoming sentencing.  Despite this, at no point prior to sentencing did Salame attempt to withdraw his guilty plea based on the assertions he now raises, and in his remarks at sentencing he made no mention of any surprise that the Government continued to investigate Bond, let alone that his guilty plea was premised on a promise that such an investigation would cease.  It was only *after* the Court imposed a sentence far above the sentence sought by Salame that Salame now seeks to vacate a plainly knowing and voluntary guilty plea by making specious allegations against the Government.

Such behavior is of a piece with Salame's other post-sentencing conduct, which has demonstrated a complete lack of remorse and utter contempt for the justice system, with public tweets such as: "I often contemplate how they pressured Nishad into lying about how he viewed his campaign finance contributions.  I have some ideas but I'll likely never know the full extent." (July 16, 2024); "Nishad if you're reading this how did they get you to plead guilty to campaign finance violations when I know you had internal and external legal teams, political consultants, and accountants all involved specifically to ensure it was legal?" (August 6, 2024); "Well the biggest is I know for a fact Nishad didn't think he was committing campaign finance fraud and yet

---

Notably, the name "Bond" is outside the supposed language Salame is quoting from that meeting, altering the meaning of the Government's statements.  Regardless, any arguable ambiguity was dispelled in the subsequent May 25, 2023, meeting described here.

he plead guilty to it" (August 14, 2024); "When Nishad finally admits he lied to the government to save himself will I be compensated?" (August 17, 2024); "If you want to know how f*cked up our justice system is watch how little time Nishad and Caroline get after lying to save themselves." (August 18, 2024). This is all to say nothing of Salame's complete failure to meet the standard for coram nobis, which the Government requests an opportunity to address on the briefing schedule set by the Court.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by:  /s/ Danielle R. Sassoon
       Danielle R. Sassoon
       Danielle Kudla
       Samuel Raymond
       Thane Rehn
       Nicolas Roos
       Assistant United States Attorneys
       (212) 637-1115

Cc:    Defense Counsel (by ECF)